UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| NNIKI GUYTON | CIVIL ACTION |
|---|---|
| VERSUS | NO: 09-1775 |
| ZC STERLING CORPORATION, ET AL. | SECTION: "C" (1) |

**ORDER & REASONS**[1]

This matter is before the Court on the issue of its subject matter jurisdiction in this original action. The Court previously ordered briefing on whether the jurisdictional amount existed at the time of filing, Rec. Doc. 3, seeking affirmative proof of the amount in controversy. Plaintiff argued that the jurisdictional minimum was met. Rec. Doc. 6. Defendant did not submit a memorandum.[2] Having considered the record, the plaintiff's memorandum, and the law, the Court has determined that it lacks jurisdiction for the following reasons.

**I. LAW & ANALYSIS**

Plaintiff homeowner originally filed suit in the Eastern District of Louisiana as part of the mass insurance case of <u>Acevedo v. AAA Ins.</u>, Civil Action No. 07-5199, to recover payment for property damage under her insurance policy with Defendant ZC Sterling Corporation ("ZCSC") following Hurricane Katrina. Rec. Doc. 1-2. Magistrate Judge Wilkinson, Jr. severed <u>Acevedo</u>.

---

[1]Alexandra Sloan, a second year student at Northwestern University School of Law, assisted in preparing this opinion.

[2]Defendant moved for summary judgment and submitted a memorandum in support. Rec. Doc. 7. The Court must nevertheless first resolve the issue of whether it has subject matter jurisdiction over the matter.

Rec. Doc. 1-3. Plaintiff then filed an individualized amended complaint against ZCSC. Rec. Doc. 1-1.

Parties may neither consent to nor waive subject matter jurisdiction. Simon v. Wal-Mart, 193 F.3d 848, 850 (5th Cir. 1999). District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and diversity exists between all parties. 28 U.S.C. § 1332(a)(2007).[3] Most Fifth Circuit case law about amounts in controversy concerns cases removed from state court to federal court, unlike the present case. However, the Fifth Circuit and this Court have applied those procedures to other circumstances, such as declaratory judgment actions, St. Paul Reins. Co., Ltd. v. Greenberg, 134 F.3d 1250,1253 (5th Cir. 1998). Therefore, they may be instructive for actions originally brought in federal court such as the one before us.

In removal cases, the parties must show that the amount in controversy exceeds $75,000 by a preponderance of the evidence. Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). They may do so either (1) by demonstrating that it is "facially apparent" that the claims are likely to exceed the jurisdictional amount, or (2) by showing the facts in controversy that support a finding of the requisite amount. Id. (emphasis in original). The first method requires the court to consider only the face of the complaint. If the "facially apparent" test is not met, the court can require the parties to show "summary judgment-type evidence" regarding the amount in controversy." Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995). The parties invoking jurisdiction have the burden "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged,

---

[3] Neither party disputes that diversity of citizenship exists among the parties. Plaintiff is domiciled in Louisiana and ZCSC is a foreign corporation. Rec. Doc. 1-1; Rec. Doc. 4 at 14.

or if inquiry be made by the court of its own motion, to support the allegation." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287 fn. 10 (1938) (citing McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039, 1052 (5th Cir. 1982). The court may demand that the party justify the allegation by a preponderance of the evidence. McNutt, 298 U.S. at 189.

In response to the Court's Order, Rec. Doc. 3, plaintiff filed a memorandum that attempted to show that the jurisdictional minimum was met.[4] Rec. Doc. 6. Plaintiff pointed to her policy limit of $57,200 for the structure, and she did not mention her policy limits for contents or additional living expenses. Id. at 1. She stated that on August 29, 2005, Hurricane Katrina caused wind, rain, and flood damage to the roof, interior, and contents of her property, and that she was unable to use her property for an extended period. Rec. Doc. 1-1 at 2. She alleged that her policy was in effect at that time, that it was all-risk, and that it covered such damage. Id. However, she did not provide a copy of her policy. She estimated her property damage at $118,955 for the structure and $40,000 for the contents, but did not put forth proof of the damage. Rec. Doc. 6 at 1. Furthermore, plaintiff stated that ZCSC has paid $1,900, but did not specify under which coverage payment was made. Id. Additionally, plaintiff made a claim for statutory penalties, interest, and attorney fees under La. R.S. §§ 22:658 and 22:1220[5], because LIC's actions were "arbitrary and capricious." Rec. Doc. 1-1 at 3. Plaintiff did not provide a factual description of LIC's actions.

---

[4]Plaintiff has the burden to show that the Court has subject matter jurisdiction over the matter. ZCSC did not file a memorandum directed to the issue of subject matter jurisdiction, but it filed a motion for summary judgment. Therefore, it has notice of plaintiff's complaint.

[5]Effective Jan. 1, 2009, La. R.S. §§ 22:658 and 22:1220 were renumbered §§ 22:1892 and 22:1973 respectively. See Acts 2008, No. 415 § 1.

It is not facially apparent nor has plaintiff set forth facts to show that the jurisdictional minimum was met on the date of filing. To fulfill its duty to ensure it has proper jurisdiction over this action, the Court requires specificity from the parties. Fernandez v. Allstate Ins. Co., 2008 WL 314405, *2 (E.D. La. Feb. 1, 2008). First, the relevant inquiry concerns damage to the property, not the value of the property or the policy limit. Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 911 (5th Cir. 2002). Plaintiff put forth no facts to substantiate her $158,955 damage estimate. She may have met the proof threshold if she had provided evidence implicating the limits of the policy, or if she had submitted damage assessments or repair estimates for the property. Fernandez, 2008 WL 314405 at *2. See also Sea Trek, Inc. v. Sunderland Marine Mut. Ins. Co., 1995 WL 442062 (E.D. La. July 24, 1995)(calculating amount in controversy based on receipts, affidavits, and deductible contained in insurance policy).

Second, plaintiff must do more than state that she made claims for statutory penalties and present facts indicating the propriety of such penalties. Fernandez, 2008 WL 314405 at *2 (referring to Thompson v. Allstate Ins. Co., 2007 WL 763219, *1 (E.D. La. March 8, 2007)). Plaintiff did not present such facts. Plaintiff cited a Fifth Circuit case that held that a statutory penalty that required no adjudication could be used to establish threshold jurisdiction. Rec. Doc. 6 at 1; St. Paul Reins. Co, 134 F.3d at 1254. However, the St. Paul Reins. Co. Court, discussing a Texas statute, did not hold that any claim for statutory penalties that would raise the amount in controversy above the jurisdictional minimum would suffice. Moreover, the Louisiana statute lists six specific actions that would constitute a "breach" and that require findings of fact. La. R.S. § 22:1973(B)(1-6). The statute provides that one type of breach for which an insured may recover penalties is "[f]ailing to pay the amount of any claim due any person insured by the

4

contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." § 22:1973(B)(5). To indicate more than the possibility of penalties, plaintiff could have presented facts indicating that ZCSC's actions constituted a breach under the statute. Thus, based on the record and the law, the Court finds that plaintiff has not established subject matter jurisdiction.

## II. CONCLUSION

Accordingly,

**IT IS ORDERED** that plaintiff's complaint is hereby DISMISSED for lack of jurisdiction under 28 U.S.C. § 1332(a).

New Orleans, Louisiana, this 15th day of July, 2009.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE